**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TREVOR PURKETT,       :
               :   Civil Action No. 03-1325 (JAP)
     Petitioner,    :
               :
     v.           :   **OPINION**
               :
ROY L. HENDRICKS, et al.,  :
               :
     Respondents.    :

**APPEARANCES:**

Petitioner <u>pro se</u>
Trevor Purkett
#369273 SBI # 557325-B
New Jersey State Prison
P.O. Box 861 6R #153
Trenton, NJ 08625-0861

Counsel for Respondents
Donald C. Campolo
Assistant Attorney General
Acting Essex County Prosecutor
Essex County Courts Building
Newark, NJ 07102

**PISANO**, District Judge

    Petitioner Trevor Purkett, a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Warden Roy L. Hendricks and the Attorney General of the State of New Jersey.

    For the reasons stated herein, the Petition must be dismissed with prejudice as untimely.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> The State's case showed that on the night of February 18, 1994, defendant entered Muller's Star Liquor Store in Irvington and demanded money. He threatened to shoot someone if there was no money. Present in the store at the time were Dinesh Patel, his brother Bhavesh, and customers, Irene Giles and Durron McNeil. Defendant grabbed Bhavesh from behind and pointed the gun at his head. Dinesh walked toward defendant with his hands up and told Bhavesh in his Indian dialect to give defendant the money. Defendant pointed the gun at Dinesh and shot him in the head. Defendant fled the store, and Bhavesh called the police.

(Answer, Ex. F.)

> Tried by a jury, [in the Superior Court of New Jersey, Law Division, Essex County,] defendant was found guilty of aggravated manslaughter as a lesser included offense of murder, felony murder, aggravated assault, robbery, possession of a weapon without a permit, and possession of a weapon for an unlawful purpose. Other related charges had been severed or dismissed by the judge. The judge merged the counts of aggravated manslaughter, robbery, and possession of a weapon for an unlawful purpose into the felony murder count and imposed a life term with a thirty-year parole disqualifier. He imposed a concurrent eighteen-month term with an eighteen-month parole disqualifier on the aggravated assault count and a concurrent five-year term with a two-and-a-half year parole disqualifier on

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

2

the remaining weapons counts. The appropriate penalties were assessed.

(Answer, Ex. F.)

B. <u>Procedural History</u>

Petitioner appealed his conviction and sentence. On May 21, 1997, the Superior Court of New Jersey, Appellate Division, filed its Opinion affirming the conviction and sentence. By Order filed September 8, 1997, the Supreme Court of New Jersey denied certification. Petitioner did not petition the Supreme Court of the United States for a writ of certiorari.

On July 14, 1998, Petitioner filed his first state court petition for post-conviction relief. (Answer, Ex. J at 4.) The trial court denied relief in an Order entered July 14, 2000. (Answer, Ex. I.) Petitioner appealed, and the Appellate Division affirmed the denial of relief by Opinion filed May 7, 2002. (Answer, Ex. L.) The Supreme Court of New Jersey denied certification by Order filed October 3, 2002.

On March 25, 2003, this Court received Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition is dated March 18, 2003.

## II. <u>28 U.S.C. § 2254</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

3

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an

"unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).]

### III. ANALYSIS

In their Answer, Respondents assert, inter alia, that this Court should dismiss the Petition as untimely.

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's conviction became final on December 7, 1997, ninety days after the denial of certification on September 8, 1997. Thus, absent tolling, Petitioner had until December 7, 1998 to file his federal habeas petition.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

Here, Petitioner filed his state court application for habeas relief on July 14, 1998, 219 days into his one-year limitations period, leaving 146 days remaining. The Supreme Court of New Jersey denied certification on October 3, 2002. Petitioner's federal habeas petition is deemed filed no earlier

8

than March 18, 2003,[2] 165 days after October 3, 2002, and 19 days after the end of the limitations period.

Petitioner asserts in his traverse, however, that the time should be equitably tolled for two reasons: (1) he did not receive notice of the denial of certification until November 20, 2002, and (2) his state PCR lawyer incorrectly advised him that he had one year from the denial of certification on his state PCR application to file a federal habeas application.

The limitations period of § 2244(d) is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a

---

[2] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

9

petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

It is of no help to Petitioner that he did not receive notice of the denial of certification on his PCR application until November 20, 2002. At that time, he still had 98 days in which to file his federal habeas petition. Moreover, in circumstances indistinguishable from those presented here, the Court of Appeals for the Third Circuit has held that erroneous legal advice as to the filing deadline does not constitute extraordinary circumstances justifying equitable tolling. Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Accordingly, Petitioner is not entitled to equitable tolling, and the Petition must be dismissed with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, Petitioner cannot establish that jurists of reason would find it debatable whether this Court is correct in its ruling on the statute of limitations. Accordingly, no certificate of appealability will issue.

V.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice. An appropriate order follows.

_____
Joel A. Pisano
United States District Judge

Dated: Nov. 7, '05